**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAYBROOK FIRE DISTRICT, NY, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendant. | Case No. 7:26-cv-5016 |

# NOTICE OF REMOVAL

Defendant 3M Company ("3M"), by and through undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of Orange, to the U.S. District Court for the Southern District of New York.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because (1) this is a civil action filed as a class action; (2) the proposed class consists of more than 100 members; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) minimal diversity exists between the parties. In support of this Notice, 3M states the following:

## BACKGROUND

1. Plaintiff filed this lawsuit in the Supreme Court of the State of New York, County of Orange, New York County on June 4, 2026.

2. 3M has not yet been served with the complaint. Although not required pursuant to 28 U.S.C. § 1446(a) because 3M has not been served with any process, pleadings, or orders in this action, a true and correct copy of the operative complaint is attached as Exhibit 1, and true and

correct copies of all other documents on file in the state-court proceedings are attached as Exhibit 2.

3. Plaintiff is a fire district that seeks to hold 3M liable based on its alleged conduct in designing, marketing, developing, manufacturing, distributing, selling, and supplying per- and polyfluoroalkyl substances ("PFAS"), including perfluoro-octanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS"), and PFAS-containing products. Plaintiff alleges that 3M "manufactured, distributed, marketed, and sold PFAS infused turnout gear and PFAS chemical products" and that 3M also "sold PFAS chemical products to performance material manufacturers and to turnout gear manufacturers." *Id.* ¶ 31. Plaintiff alleges that 3M failed to disclose purported risks associated with PFAS. *Id.* ¶¶ 31–32.

4. Plaintiff contends that, as a result, it has "incurred and will continue to incur substantial costs, including the cost of purchasing new PFAS-free turnout gear to replace the contaminated sets and the profit loss associated with acquiring the previous PFAS-containing turnout gear." *Id.* ¶ 29. Plaintiff asserts that the "cost of turnout gear (excluding respirators) can range from approximately $3,000 to $6,000, per outfit for one firefighter," so "replacement costs could and should run into the billions" because there are "over 1M firefighters in the United States." *Id.*

5. Plaintiff seeks to represent a class of "all fire districts, fire departments, and other local or municipal government entities that incurred costs to purchase and/or replace firefighter turnout gear designed, manufactured, advertised, marketed, distributed and/or sold by Defendants anywhere within the State of New York." Compl. ¶ 1; *see also* Class Allegation ¶ 1.[1] Plaintiff alleges that there will be "hundreds of class members." *Id.* Class Allegations ¶ 6.

---

[1] Plaintiff's class allegations begin on page 68. The remaining paragraphs of the complaint are

6. On behalf of itself and all class members, Plaintiff asserts claims for civil conspiracy/strict products liability (New York); strict liability (defective design); strict products liability (failure to warn); and violations of New York's Consumer Protection Law. *Id.*, Class Allegations ¶¶ 22–86. Plaintiff seeks compensatory damages, punitive damages, treble damages, attorneys' fees, interests, costs, and disbursements, and further relief as the Court deems just and proper. *Id.*, Prayer for Relief, p. 84.

**VENUE**

7. The Supreme Court of the State of New York, County of Orange is located within the Southern District of New York. 28 U.S.C. § 112(b). Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1441(a), as this Court encompasses the district in which the state court action is pending.

**TIMELINESS OF REMOVAL**

8. 3M has not yet been served with the complaint. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1). *See Doe v. Ehrhard*, 2025 WL 3465593, at *4 ("S.D.N.Y. Dec. 1, 2025) ("[A] defendant is allowed to remove before service has been completed."), *report and recommendation adopted*, *Johar v. Ehrhard*, 2026 WL 209810 (S.D.N.Y. Jan. 27, 2026).

**NOTICE TO PLAINTIFFS AND STATE COURT**

9. Concurrently with the filing of this Notice, Defendant is providing written notice to counsel for Plaintiff and filing a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Orange, as required by 28 U.S.C. § 1446(d).

---

renumbered starting at 1, beginning on page 68. Citations to "Class Allegation ¶" refer to the renumbered paragraphs beginning on page 68.

## REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. § 1332(d)

10. CAFA provides federal courts with original jurisdiction over (1) class actions in which (2) any plaintiff is diverse from any defendant, (3) there are at least 100 members in the putative class, and (4) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. To meet its burden to show removal is proper, a defendant need only file a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court has explained that "courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (cleaned up). There is no presumption against removal to federal court. *See id.* at 89.

### I. This Action is a "Class Action" Within the Meaning of CAFA.

12. Under CAFA, a "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Plaintiff's Complaint is captioned as a "Class Action Complaint" and expressly alleges that it "satisfies the numerosity, commonality, typicality, adequacy, and superiority criteria of CPLR § 901 for maintaining a class action." Compl., Class Allegation ¶ 3. N.Y. CPLR § 901 is a State rule of judicial procedure similar to Federal Rule 23 authorizing an action to be brought by representative persons as a class action. *See City of New York v. Maul*, 929 N.Y.3d 366, 373 (N.Y. 2010) (explaining that New York courts can consider federal cases interpreting Fed. R. Civ. P. 23 to help "analyz[e] CPLR 901 issues" because the two statutes "ha[ve] much in common") (internal quotations omitted). This action therefore qualifies as a class action under CAFA.

## II. Minimal Diversity Exists.

14. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A). Citizenship is determined as of the date the state court complaint was filed.

15. Plaintiff Maybrook Fire District is a "public, volunteer organization" that is comprised of an elected group of commissioners who oversee the district.[2] As an administrative arm of a municipality, *see Streater v. Camden Fire Dept.*, 567 F. Supp. 2d 667, 674 n.5 (D.N.J. 2008) (concluding that fire department is an arm of a municipality), and thus a "political subdivision of [New York]," Plaintiff is a citizen of New York. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973); *see also Hiller v. Farmington Police Dept.*, 2015 WL 4619624, at *18 (D. Conn. July 31, 2015) (Connecticut-based police department was citizen of Connecticut).

16. 3M is a Delaware corporation with its principal place of business in Minnesota. 3M therefore is a citizen of Delaware and Minnesota. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State . . . where it has its principal place of business").[3]

17. Because Plaintiff is a citizen of New York and 3M is a citizen of Delaware and Minnesota, minimal diversity of citizenship exists pursuant to 28 U.S.C. §1332(d)(2)(A).

## III. The Putative Class Consists of at Least 100 Members.

---

[2] *See About Us*, Maybrook Engine Co. #1, Inc., available at https://maybrookfd.org/about-us/; *Commissioners*, Maybrook Engine Co. #1, Inc., available at https://maybrookfd.org/about-us/commissioners/.

[3] Based on the face of the complaint, with the exception of Defendant Morris Croker LLC d/b/a Fire-End & Croker Corporation, all other Defendants in this action are also diverse from Plaintiff because they are organized in other states and their principal places of business are located in other states. *See* Compl. ¶¶ 51–76; 28 U.S.C. § 1332(c)(1); 28 U.S.C. § 1332(d)(10) (for purposes of CAFA, an LLC is a citizen of the state of its organization and its principal place of business).

18. CAFA requires that the number of members of all proposed plaintiff classes in the aggregate be at least 100. 28 U.S.C. §1332(d)(5)(B).

19. Plaintiff's proposed class is defined by Plaintiff as "all fire districts, cities, villages, towns and/or other local or municipal government entities that incurred costs to purchase and/or replace firefighter turnout gear designed, manufactured, advertised, marketed, distributed and/or sold by Defendants anywhere within the State of New York (the Class) during the Class Period." Compl., Class Allegation ¶ 1 (internal quotations omitted).

20. The Complaint states that Plaintiff "believes that there are hundreds of class members." *Id.*, Class Allegation ¶ 6. In addition, a 2017 report by the Office of the New York State Comptroller confirms that there are hundreds of independent fire districts alone in the State, as well as separate fire departments for each of the State's cities and most of its villages. *See* Exhibit 3, *Fire Protection in New York State: How is it Provided in Your Community?*, Office of New York State Comptroller (March 2017) at 2. Accordingly, the proposed class includes at least 100 putative class members.

**IV. The Aggregate Amount in Controversy Exceeds $5,000,000.**

21. CAFA confers federal jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). "[T]he claims of the individual class members shall be aggregated" to determine whether the threshold is met. 28 U.S.C. §1332(d)(6).

22. A notice of removal need only contain a "short and plain statement of the grounds for removal," including a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. §1446(a); *see, e.g.*, *Dart Cherokee*, 574 U.S. at 89. "This is not a heavy burden." *Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 325

(S.D.N.Y. 2022). Evidence supporting the amount in controversy requirement is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

23. Plaintiff seeks compensatory damages, punitive damages, treble damages, attorneys' fees, interests, costs, and disbursements, and further relief as the Court deems just and proper. *Id.*, Prayer for Relief, p. 84. Without conceding any merit to Plaintiff's allegations, causes of action, or claims for relief, the amount placed in controversy by Plaintiff's complaint satisfies CAFA's jurisdictional threshold.

24. Plaintiff alleges that the "cost of turnout gear (excluding respirators) can range from approximately $3,000 to $6,000, per outfit for one firefighter," so "replacement costs could and should run into the billions" because there are "over 1M firefighters in the United States." Compl. ¶ 29.

25. Plaintiff seeks to represent "all fire districts, cities, villages, towns and/or other local or municipal government entities that incurred costs to purchase and/or replace firefighter turnout gear designed, manufactured, advertised, marketed, distributed and/or sold by Defendants anywhere within the State of New York." Class Allegation ¶ 1. According to the previously-referenced report authored by the Office of the New York State Comptroller, "[t]here are over 90,000 volunteer and about 18,000 paid career firefighters in the State." Exhibit 3 at 2.

26. Thus, given Plaintiffs' own allegations concerning the costs of replacing turnout gear, as well as the number of firefighters in New York, the aggregate amount in controversy easily exceeds $5,000,000.

27. Accordingly, this case meets all of the requirements for removal to federal court under CAFA.

## CONCLUSION

WHEREFORE, 3M gives notice of the removal of this action from the New York Supreme Court, County of Orange, to the U.S. District Court for the Southern District of New York.

Dated: June 12, 2026

Respectfully submitted,

By: *[/s/ Joanna Wright]*

Joanna Wright
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
jwright@jenner.com

Attorney for 3M Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed on June 12, 2026 with the Clerk of the Court by using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system. I further certify that I have caused a copy of this Notice of Removal and all exhibits thereto to be served on counsel for Plaintiff via email and overnight mail to the following addresses:

Hunter J. Shkolnik
hunter@nsprlaw.com
Nestor D. Galarza
ngalarza@nsprlaw.com
Rebeca Martínez
rmartinez@nsprlaw.com
NAPOLI SHKOLNIK
1302 Avenida Ponce De León
Santurce, PR 00907

Salvatore C. Badala
sbadala@napolilaw.com
NAPOLI SHKOLNIK
400 Broadhollow Road, Suite 305
Melville, NY 11747

Shayna E. Sacks
ssacks@napolilaw.com
NAPOLI SHKOLNIK
360 Lexington Avenue, 11th Floor
New York, NY 10017

Dated: June 12, 2026

By: */s/ Joanna Wright*
Joanna Wright